IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TROY LUMPKIN,

    Petitioner,

    v.

JASON BUNTING, WARDEN,

    Respondent.

CASE NO. 2:11-CV-962
JUDGE FROST
MAGISTRATE JUDGE ABEL

## REPORT AND RECOMMENDATION

Petitioner Troy Lumpkin, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Magistrate Judge on the petition, Respondent's *Return of Writ,* Petitioner's *Traverse,* and the exhibits of the parties.

This case involves Lumpkin's convictions after a jury trial in the Licking County Court of Common Pleas for trafficking in crack cocaine in the vicinity of a juvenile, trafficking in crack cocaine, possession of crack cocaine, possession of marijuana, possession of drug paraphernalia, and having weapons under disability, with two firearm specifications and a forfeiture specification for the money.[1] The Ohio Court of Appeals affirmed the judgment of the trial court on direct appeal; however, Petitioner did not timely appeal to the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for delayed appeal. Additionally, Petitioner raised solely one claim for relief in the state appellate court. He also filed a motion for reconsideration in the state appellate court, a petition for post conviction relief, and a request for a hearing on the merger of sentences, all without success. For the reasons that follow, the Magistrate Judge

---

[1] The charges on having a weapon while under disability, possession of marijuana, and the forfeiture specification were tried to the court.

1

concludes that all of Petitioner Lumpkin's claims are procedurally defaulted, and therefore

**RECOMMENDS** that this action be **DISMISSED**. Petitioner's request for a stay of

proceedings, or, alternatively, for a dismissal without prejudice, is **DENIED.**

**Facts and Procedural History:**

>  The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> > On March 18, 2009, officers from the Central Ohio Drug Task Force sent a confidential informant to purchase crack cocaine from appellant in a controlled buy at 8 West Postal Avenue in Newark, Ohio. The informant called appellant and an agreement was made for the purchase of two $100.00 rocks of crack cocaine. The informant was wired with a recorder and given $200.00 in recorded buy money in order to make the purchase.
> >
> > The informant went to 8 West Postal Avenue, where he purchased crack cocaine from appellant. At the time of the purchase, the police detective monitoring the transaction saw a juvenile on the porch next door, approximately 30 feet from the scene of the drug transaction.
> >
> > Officers obtained a search warrant for 8 West Postal Avenue. The informant then made a second call to appellant to arrange to buy more crack cocaine. The purpose of the call was to ensure that someone was present in the residence when the warrant was executed. The informant arranged to buy $150.00 of crack from appellant. Officers then searched the residence, where they found crack cocaine, a loaded .45 caliber semiautomatic handgun and a loaded 9 mm revolver under the couch, a scale and razor blade, a jar full of cash and marijuana. Officers found $1,344.00 in cash in appellant's pockets, including the $200.00 of recorded buy money from the earlier transaction with the confidential informant.
> >
> > Appellant was indicted by the Licking County Grand Jury with trafficking in crack cocaine in the vicinity of a juvenile, trafficking in crack cocaine, possession of crack cocaine, possession of marijuana, possession of drug paraphernalia, and having weapons under disability, with two firearm specifications and a forfeiture specification for the money.

> Appellant entered a plea of not guilty to the charges on April 7, 2009. His original trial counsel filed a motion to withdraw on July 16, 2009, which was granted the same day, and new counsel was appointed on July 20, 2009. On August 17, 2009, the day before trial, counsel filed a motion to continue. The motion alleged in pertinent part:
>
> "In recent weeks, Defense Counsel has been to see the Defendant several times at the Licking County Jail to review discovery and trial strategy.
>
> "The Defendant claims to have additional information related to witnesses in this case that he has requested Counsel investigate."
>
> The court overruled the motion, finding that the case had been scheduled for trial for the third time, the most recent date with more than a month's notice while appellant was represented by his current counsel.
>
> Appellant waived jury trial on the weapons under disability charge and the forfeiture specification. Those charges, along with the possession of marijuana charge which is a minor misdemeanor, were tried to the court, while the remaining charges were tried to a jury. He was convicted on all charges and sentenced to a total term of incarceration of 14 1/2 years. He assigns a single error on appeal:
>
> "THE TRIAL COURT COMMITTED HARMFUL ERROR AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S REQUEST FOR A CONTINUANCE OF THE JURY TRIAL HEREIN."

*State v. Lumpkin*, No. 2009 CA 00109, 2010 WL 2643303, at *1-2 (Ohio App. 5th Dist. June 28, 2010). On June 28, 2010, the appellate court affirmed the judgment of the trial court.[2] *Id.* Petitioner did not file a timely appeal to the Ohio Supreme Court. On September 13, 2010, he filed a motion for delayed appeal. *Exhibit 9 to Return of Writ*. On October 27, 2010, the Ohio

---

[2] On May 20, 2011, the Ohio Court of Appeals denied Petitioner's motion for reconsideration. *Exhibits 11, 12 to Return of Writ.*

3

Supreme Court denied Petitioner's motion for delayed appeal. *State v. Lumpkin*, 126 Ohio St.3d 1615 (2010).

On December 10, 2010, Petitioner filed a motion for re-sentencing, which the trial court denied on January 4, 2011.

Petitioner also pursued post conviction relief in the state trial court on December 10, 2010. He asserted that he had newly discovered evidence, *i.e.*, an eyewitness, establishing his actual innocence and that he had been denied effective assistance of counsel because his attorney failed to investigate and failed to subpoena a witness who would have established his innocence of the charges. *See Exhibit 18 to Return of Writ.* In a January 10, 2011 judgment entry, the trial court ordered Petitioner's post conviction petition to be stricken for failing to include a certificate of service as required by Ohio Criminal Rules. *See Exhibit 19 to Return of Writ*.

Petitioner additionally filed an August 15, 2011 motion requesting a "merger hearing" to correct an illegal sentence. *Exhibit 20 to Return of Writ.* In a judgment entry filed February 9, 2012, the trial court denied Petitioner's motion, concluding that it no longer had jurisdiction over the case, since Petitioner's conviction and sentence had already been affirmed on appeal. *Exhibit 23 to Return of Writ.*

On December 5, 2011, Petitioner filed this *pro se* federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. He asserts that he is being held in violation of the Constitution of the United States as follows:

> 1. Petitioner was denied due process when the trial court failed to allow Petitioner's appellate counsel additional time to prepare for Petitioner's case in violation of defendant's due process right as guaranteed by the United States Constitution.

2. Petitioner was denied the right to a fair trial in this case, Petitioner was not allowed to call witnesses at trial. This constituted a violation of Petitioner's right to a fair trial. Petitioner was denied right to equal protection in this case [] as the trial court failed to allow Petitioner's counsel to call witnesses at trial. The witnesses that would have been called were witnesses that were in the house at the time Petitioner's crime was committed and would have served as witnesses at Petitioner's trial.

3. Denial of effective assistance of counsel at trial.

4. Conviction obtained by a violation of the protection against double jeopardy.

It is the position of the Respondent that all of Petitioner's claims are procedurally defaulted.

**Procedural Default:**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*; *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule.

5

*Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Petitioner asserts he was denied a fair trial because the trial court denied defense counsel's motion for a continuance (claim one); because he was unable to call defense witnesses based on the trial court's refusal to grant a defense continuance (claim two); he was denied effective assistance of counsel based on his attorney's failure to request a merger hearing, as his convictions constituted allied offenses of similar import (claim three); and that his convictions violate the Double Jeopardy Clause (claim four).  The sole claim Petitioner raised on direct appeal, however, was that regarding the trial court's denial of his request for a continuance.  The remainder of Petitioner's claims have never been presented to the state courts.  Further, Petitioner did not timely appeal the Ohio Court of Appeal's decision denying his direct appeal to the Ohio Supreme Court; and the Ohio Supreme Court denied his later filed motion for a delayed appeal.

The Ohio Supreme Court's denial of a motion for delayed appeal constitutes a procedural default of the claims raised therein. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).  As to

6

those claims which should have been raised on direct appeal, but were not, Petitioner may now no longer present them to the state courts because they are barred by Ohio's doctrine of *res judicata*, that provides that claims that could have been raised on direct appeal, but were not, may not be considered in postconviction or other collateral proceedings. *See State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).

Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. 722, 732–33, (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id*. at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 297 (1964); *see also Jamison v. Collins*, 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they

7

are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief. Accordingly, the Court concludes that Petitioner has waived all of the grounds he now presents for federal habeas corpus relief.

As cause for his procedural defaults, Petitioner asserts denial of the effective assistance of appellate counsel. He complains that his appellate attorney improperly failed to raise these issues on appeal, even though trial counsel preserved the issue of the trial court's refusal to merge the offenses for sentencing purposes. *See Petitioner's Reply*, Doc. No. 15. Additionally, Petitioner asserts, as cause for his procedural defaults, his *pro se* incarcerated status. *Id.* He appears to contend that he has preserved his claim of ineffective assistance of counsel by raising the issue in his motion for reconsideration under Ohio Appellate Rule 26(A). Finally, Petitioner requests the Court to stay proceedings pending his exhaustion of state remedies on his claim that the trial court illegally imposed consecutive sentences and that his sentence violates the Double Jeopardy Clause in view of the Ohio Supreme Court's December 29, 2010, decision in *State v. Johnson*, 128 Ohio St.3d 153 (2010).[3]

Petitioner's arguments are not persuasive.

> " '[C]ause' under the cause and prejudice test must be something
> external to the petitioner, something that cannot fairly be attributed
> to him[;] ... some objective factor external to the defense [that]

---

[3] In *Johnson*, the Ohio Supreme Court held that the conduct of an accused must be considered when determining whether two offenses are allied offenses of similar import subject to merger (for sentencing purposes) under O.R.C. § 2941.25. At the time of Petitioner's original sentencing, controlling Ohio precedent interpreted O.R.C. § 2941.25 to require only that the statutorily defined elements of offenses be compared "in the abstract" in order to determine whether they are allied, and therefore merged, for sentencing purposes. *See State v. Rance*, 85 Ohio St.3d 632, 710 (Ohio 1999).

8

> impeded ... efforts to comply with the State's procedural rule."
> *Coleman v. Thompson,* 501 U.S. 722, 753 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). Petitioner's *pro se* status or "ignorance of the law and procedural requirements for filing a[n] ... appeal is insufficient to establish cause to excuse his procedural default." *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)(citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).

Moreover, while the constitutionally ineffective assistance of counsel may constitute cause for a procedural default, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)), the ineffective assistance of counsel cannot constitute cause where, as here, the allegation of the ineffective assistance of appellate counsel likewise is procedurally defaulted. Petitioner did not preserve his claim of ineffective assistance of counsel for federal habeas review by attempting to raise the claim in his motion for reconsideration of the appellate court's denial of his direct appeal. The appellate court denied the motion, which was filed more than nine months late, as untimely. Additionally, the appellate court noted that Petitioner's claim of ineffective assistance of appellate counsel properly would be raised in an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), but that such a motion also would be untimely, and Petitioner had "made no effort. . . to demonstrate good cause" for his late filing. *See Exhibit 12 to Return of Writ*.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway

9

> and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 590-91 (6th Cir. 2005)(footnote omitted). Petitioner has failed to meet this standard here. Consequently, Petitioner has procedurally defaulted all of the claims he now presents for relief.

Petitioner nonetheless requests a stay of proceedings or a dismissal of this action without prejudice so that he can file an appeal of the trial court's February 9, 2012, denial of his request for a "merger hearing" to correct his allegedly illegal sentence and thereby exhaust state court remedies as to his claims. In support of this request, Petitioner has attached a "Notification of Filing of Record" in the Licking County Court of Appeals dated April 2, 2012 (indicating that the record had been transmitted to the Court of Appeals) and states that he is in the process of filing his appellate brief. *See Exhibit to Petitioner's Reply,* PageID #692.

10

Petitioner's request for a stay, or alternatively, for a dismissal without prejudice to re-filing is **DENIED**.  As previously discussed, Petitioner's claim that his sentence was illegally imposed or that it violates the Double Jeopardy Clause should have been raised on direct appeal, but was not, and therefore is now barred from review under Ohio's doctrine of *res judicata*.  See *State v. Cole*, 2 Ohio St.3d at 112, 443 N.E.2d 169; *State v. Ishmail*, 67 Ohio St.2d at 16.  Further, Petitioner made his request for a stay in April 2012, approximately one and one half years ago.  He has not submitted any update regarding the status of his appeal, and presumably his appeal of the trial court's denial of his motion for a merger hearing has now concluded.  In any event, the record fails to demonstrate that Petitioner can meet the requirements set forth in *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005)( stay and abeyance only appropriate where Petitioner has "good cause" for failing to exhaust state remedies and his claims are potentially meritorious).

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.  Petitioner's request for a stay of proceedings or, alternatively, for a dismissal without prejudice, is **DENIED.**

**Procedure on Objections:**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §

636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel  
United States Magistrate Judge